■ IDA WATSON, as Administratrix of the Estate of BOBBY E. WATSON, Deceased, et al., Respondents, v. SOCONY MOBIL OIL COMPANY, INC., et al., Appellants.— In an action to recover damages for wrongful death, etc. (see *Watson* v. *Socony Mobil Oil Co.*, 19 A D 2d 560), the defendants appeal from an order of the Supreme Court, Queens County, dated May 6, 1960, which denied their motion to amend the stenographic minutes of the trial of the action so as to include certain comments of the Trial Justice made to the jurors upon the conclusion of the trial. Order affirmed, with $10 costs and disbursements. The record discloses that the comments in question were made by the Trial Justice to the jurors after they had rendered their verdict and had been polled and after they had been discharged as jurors in the pending action; and that such comments, made at the conclusion of the trial, were not intended to be a part of the trial. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ IDA WATSON, as Administratrix of the Estate of BOBBY E. WATSON, Deceased, et al., Respondents, v. SOCONY MOBIL OIL COMPANY, INC., et al., Appellants.— In an action to recover damages for conscious pain and suffering, for wrongful death, for personal injury, etc., against the owner and operator, respectively, of an oil truck which, by reason of such operator's concurrent negligence, caused a United States Army truck to collide with an automobile operated by the intestate of the plaintiff administratrix, in which the plaintiff Kenna was a passenger, the said two defendants appeal from so much of a judgment of the Supreme Court, Queens County, entered January 18, 1960

after a jury trial, as is (a) in favor of the plaintiff administratrix on the first and second causes of action for the conscious pain and suffering and the wrongful death. of her intestate; and (b) in favor of the plaintiff Kenna on the fourth cause of action for personal injury. Judgment, insofar as appealed from, affirmed, with costs. In our opinion a jury question as to the negligence of these defendants was squarely presented by the proof adduced, and the jury's determination may not be said to be against the weight of the credible evidence. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.